# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CR No. 03-118-ML
:
ESTEBAN CARLOS LEON :

## MEMORANDUM AND ORDER

Esteban Carlos Leon has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In response, the Government has filed a motion to dismiss that motion. For the reasons that follow, the Government's motion is granted, and the motion to vacate is denied.

### FACTUAL BACKGROUND AND TRAVEL

Leon was charged, along with three co-defendants, in a two-count indictment with (1) conspiracy to distribute and to possess with intent to distribute, in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); and (2) attempting to possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§841(a)(1), 846 and 2 (Count 2).[1] All proceedings in this Court, through Leon's first §2255 motion to vacate, were conducted before District Judge Ronald R. Lagueux. Leon was represented by appointed counsel, Van L. Hayhow, in all proceedings through the filing of a direct appeal.

Leon pled guilty to both counts pursuant to a written plea agreement. At his change of plea hearing Leon agreed with the facts of his offense as presented by the Government, including the fact that the amount of cocaine that he and his co-defendants conspired to purchase was 30 kilograms. (See Transcript of Change of Plea Hearing conducted on April 6, 2004 ["Plea Tr."] at 9, 13-19.)

---

[1] The co-defendants were Nidio Jimenez, Juan Miranda and Silvio Payero, all of whom were convicted of the same offenses.

The presentence report (PSR) calculated a guideline sentencing range of 121-151 months, based in part on finding Leon responsible for 30 kilograms of cocaine, and noted that Leon faced a mandatory minimum ten-year sentence. (PSR ¶¶ 16, 49-50.) Leon filed no objections to the PSR, but his counsel did file a motion requesting a downward departure of one month to the 120-month statutory minimum. At sentencing Judge Lagueux denied the departure motion, found Leon responsible for 30 kilograms of cocaine and sentenced him to 121 months in prison. (See Transcript of Sentencing Hearing conducted on June 23, 2004 ["Sent. Tr."] at 10-11.)

Leon filed a direct appeal which was initially dismissed at Leon's request on May 6, 2005. See United States v. Leon, Dkt. No. 04-1919, Judgment (1st Cir. May 6, 2005). More than two years later, the appeal was subsequently reinstated after the Government indicated it had no objection to reinstatement. Id., Order dated August 27, 2007. New appellate counsel, Attorney Randy Olen, was appointed to represent Leon on his reinstated appeal.

Meanwhile, on August 2, 2005, Leon filed his first motion to vacate pursuant to 28 U.S.C. § 2255 with this Court. Esteban Carlos Leon v. United States, CR No. 05-332-L (Doc. #1.) In that motion, Leon raised several claims of ineffective assistance.[2] On January 26, 2006, Judge Lagueux denied the motion to vacate and subsequently denied a request for a Certificate of Appealability (COA). See CR 05-332-L, Memorandum and Order dated January 26, 2006 (Doc.#16); Order dated

---

[2] Specifically, Leon asserted that his counsel: (1) failed to advise Leon of the existence of two proposed plea agreements; (2) improperly induced Leon to accept a plea agreement and to plead guilty without doing proper investigation; (3) failed to obtain transcripts of tape recordings of certain drug-sale meetings with the undercover agent, so that Leon could challenge the quantity of drugs for which he was held responsible; (4) failed to review the PSR with Leon prior to sentencing and to file objections to the PSR; (5) failed to file a motion for a downward departure on the basis that the amount of cocaine was over-represented; (6) at sentencing, failed to challenge Leon's prior conviction that allegedly deprived him of the benefit of the safety valve; and (7) failed to prosecute Leon's initial direct appeal, thus causing Leon to seek a voluntary dismissal of that appeal. (CA 05-332-L, Motion to Vacate, Ground One; Pet. Aff. ¶¶ 3-17; Pet. Mem. 2-9.) Leon also claimed that the Court, at sentencing, failed to inquire whether he had had an opportunity to review the PSR with counsel. (Pet. Aff. at 9.)

March 7, 2006 (Doc. # 21). Leon's request for a COA from the First Circuit was ordered held in abeyance pending the outcome of his reinstated direct appeal. Leon v. United States, Dkt. No. 06-1441, Order (1st Cir. Aug. 27, 2007).[3]

On February 24, 2009, the First Circuit denied Leon's direct appeal and affirmed his sentence. United States v. Leon, Dkt. No. 04-1919, Judgment (1st Cir. Feb. 24, 2009). On July 7, 2009, the First Circuit denied Leon's request for a COA as to his initial § 2255 motion to vacate. Leon, Dkt. No. 06-1441, Judgment (1st Cir. July 7, 2009).

In the meantime, on June 29, 2009 Leon filed the instant motion to vacate.[4] This motion likewise asserted claims of ineffective assistance, alleging that his trial counsel (1) failed to investigate the status of Leon's prior New York state conviction, on which his criminal history was based; (2) failed to object to the PSR for misrepresenting the status of that prior conviction; (3) failed to file a motion to suppress or otherwise challenge the transcripts of meetings with the undercover agent in order to contest drug quantity; and (4) failed to inform him of two different plea agreement proposals by the Government, so that his plea was not knowing or voluntary. (Motion to Vacate, Grounds One through Four; Petitioner's Pro Se Memorandum of Law in Support of Motion to Vacate ["Pet. Mem."] at 1-9.) Leon further claims that his appellate counsel in his reinstated appeal filed his briefs late and failed to present the issues suggested by Leon. (Id., Ground Five; Pet. Mem. at 10.)

With the exception of the claims concerning the status of Leon's prior conviction and appellate counsel's performance in Leon's reinstated appeal, all of the claims in the instant motion

---

[3] This Order was entered in both Leon's direct appeal (Dkt. No. 04-1919) and his appeal requesting a COA to review the denial of his first motion to vacate (Dkt. No. 06-1441). It is hereinafter referred to as the "Aug. 27, 2007 Order."

[4] The instant case CR 03-118 was re-assigned to the undersigned in February 2009.

to vacate were raised in Leon's first motion to vacate. The Government has filed a motion to dismiss the instant motion to vacate on the basis that it is a second or successive §2255 motion which Leon has not received permission to file from the Court of Appeals. See 28 U.S.C. §§ 2244(b)(3), 2255(h). Leon has filed a reply, and this matter is ready for decision.[5]

## DISCUSSION

### A. Second or Successive Motion

The threshold issue to be addressed is whether the instant motion to vacate constitutes a second or successive motion to vacate under 28 U.S.C. §2255(h). Leon claims that the motion is not a second or successive motion, because his appeal was reinstated and was not concluded until February 2009, and that this allowed him to file a new motion to vacate. (See Petitioner's Reply to Government's Motion to Dismiss [Doc. #173] at 1-4.)

The record indicates that Leon's initial motion to vacate was filed on August 2, 2005, approximately three months after his appeal was voluntarily dismissed on May 6, 2005. In August 2007 the First Circuit reinstated Leon's direct appeal and at the same time held in abeyance his pending request for a COA to review the denial of his initial motion to vacate. See Aug. 27, 2007 Order. On February 24, 2009 the Court of Appeals decided Leon's direct appeal and affirmed his conviction and sentence. Leon did not seek further review, and his conviction became final 90 days thereafter. See Clay v. United States, 537 U.S. 522, 532 (2003).

---

[5] Although Leon has requested an evidentiary hearing, no hearing is required in connection with any issues raised by this motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that his motion is procedurally flawed and the claims are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief; or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted).

Only after the expiration of the 90-day period to seek further review did the Court of Appeals rule on Leon's request for a COA as to his first motion to vacate. Thus, Leon's initial motion to vacate was finally denied <u>after</u> his conviction had become final. Because the motion does not satisfy either of the two "gatekeeper" requirements of 28 U.S.C. §2255(h) -- newly discovered evidence establishing innocence or a new and previously unavailable rule of constitutional law made applicable to cases on collateral review -- the instant motion to vacate constitutes a "second or successive" motion to vacate, which this Court lacks jurisdiction to adjudicate absent authorization by the Court of Appeals. See <u>Trenkler v. United States</u>, 536 F.3d 85, 96 (1st Cir. 2008). Cf. <u>Jamison v. United States</u>, 244 F.3d 44, 46 (1st Cir. 2001) ("Where a first motion [to vacate] is used to reinstate a direct appeal, reinstatement is unquestionably a grant of collateral relief on the merits and any later motion attacking the same conviction and sentence is, in ordinary usage, a second or successive motion.").[6] As such, the motion must be dismissed. See <u>United State v. Barrett</u>, 178 F.3d 34, 41 (1st Cir. 1999) (citing <u>Pratt v. United States</u>, 129 F.3d 54, 57 (1st Cir. 1997)).

---

[6] While this Court has found no case law directly on point, the decision in <u>Jamison</u> provides analogous support for this Court's conclusion here. In <u>Jamison</u> the Court of Appeals rejected a similar attempt to file a second motion to vacate in more compelling circumstances. Jamison brought an initial §2255 motion to vacate claiming ineffective assistance of both his trial counsel and his appellate counsel. The motion was denied by the district court, but the Court of Appeals granted a COA on the appellate counsel claim only, which ultimately resulted in the reinstatement of his direct appeal. After his reinstated appeal challenging drug quantity was denied on the merits, Jamison attempted to bring a second motion to vacate attacking his sentence on a new ground, that one of the prior convictions used in calculating his criminal history had been invalidated *after* his conviction had become final. <u>Id</u>. at 45-46. The First Circuit noted that this second motion to vacate failed to satisfy either of the two gatekeeper requirements for authorizing a second or successive motion to vacate and otherwise could not be deemed a "first" motion. <u>Id</u>. at 46. Here, as noted above, Leon's first motion to vacate was held in abeyance pending resolution of his direct appeal, and further review on the motion was denied after his conviction had become final. Also, Leon's claim concerning the use of his prior conviction in calculating criminal history existed at the time of sentencing, rather than arising after his conviction had become final, as in <u>Jamison</u>. Thus, Leon's facts are even less compelling than those in <u>Jamison</u>, in which the petitioner's second motion to vacate was dismissed as a second or successive motion.

## CONCLUSION

In view of the foregoing considerations, the Government's motion to dismiss the instant motion to vacate is GRANTED, and the motion to vacate is hereby dismissed.[7]

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is **not** appropriate for the issuance of a certificate of appealability (COA), because Leon has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Leon is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

SO ORDERED:

_/s/ Mary M. Lisi_
Mary M. Lisi
Chief United States District Judge
Date: January 19, 2011

---

[7] This Court is cognizant that the instant motion to vacate may alternatively be transferred to the Court of Appeals pursuant to 28 U.S.C. §2244(b)(3) for authorization as a second or successive §2255 motion. See Barrett, 17 F.3d at 41, n.1 (noting that a transfer of a second or successive motion to vacate may be preferable to dismissal in certain circumstances but refusing to require a transfer in all cases). Here, this Court finds that dismissal of the instant motion to vacate is warranted. As discussed supra, both this Court and the Court of Appeals have previously rejected most of the claims raised therein, and the new claims do not meet the gatekeeper requirements for second or successive motion and are otherwise devoid of merit, such that a transfer to the First Circuit would be "an exercise in futility." Trenkler, 536 F.3d at 98.